OPINION
Timothy Queary is appealing the judgment of the Montgomery County Common Pleas Court finding him to be a sexual predator.
In 1986, Mr. Queary pled guilty to attempted murder, complicity to commit rape, kidnapping, and gross sexual imposition and was sentenced to twenty to fifty years in prison. Mr. Queary's conviction was based on the following events. On the night of the crimes, Mr. Queary and his wife, the victim in this case, had been fighting and she had left the house. Later that evening, she returned to find her husband having a party with two women and a friend, Richard Doyle. The victim went to her bedroom and the two women left. Mr. Queary and Mr. Doyle worked together to rape, beat and repeatedly stab the victim with a butcher knife. Mr. Queary and Mr. Doyle stabbed her fourteen times to the chest, neck and face and gave her a slash wound around the neck. Mr. Queary and Mr. Doyle only stopped stabbing the victim when she pretended to be dead. Then, they wrapped her body in sheets and carried her to Fairmont High School where she was left for dead. After they left, the victim rose and ran to a nearby home for help, where the police were called.
On October 24, 2000, a hearing was held to determine if Mr. Queary was a sexual predator. At the hearing, the State presented the following four exhibits: a Sexual Predator Screening Instrument; a House Bill 180 Screening Instrument; a Letter from the Department of Rehabilitation and Correction; and a Presentence Investigation Report which included a Victim Impact Statement. The trial court designated Mr. Queary a sexual predator and he filed this timely appeal from that decision. Initially, Mr. Queary's counsel filed an Anders brief. This Court identified a possible issue as whether one could be designated a sexual predator based only on one set of actions for which the defendant was originally convicted. Therefore, this Court appointed new counsel and directed them to pursue this issue.
Mr. Queary offers the following as his sole assignment of error:
 THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR BY CLEAR AND CONVINCING EVIDENCE.
Mr. Query argues that the designation of sexual predator was not supported by clear and convincing evidence as the State failed to present sufficient evidence that he was likely to re-offend. We disagree.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). Further, R.C. 2950.09(B)(3) requires the trial court to determine, by clear and convincing evidence, whether a defendant is a sexual predator. "Clear and convincing evidence" has been described as "that measure or degree of proof which will produce, in the mind of the trier of facts, a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 477, 53 O.O.361. In determining whether an individual is a sexual predator, R.C.2950.09(B)(2) provides the following factors for the trial court to consider, however the trial court is not limited to the listed factors.
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illnesses or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
A trial court's designation of sexual predator status shall be reviewed based on an abuse of discretion standard. State v. Goney (Oct. 23, 1998), Montgomery App. No. 16990, unreported. An abuse of discretion amounts to more than a mere error of law or judgment, rather it occurs when the court demonstrates an attitude which is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169.
The Ohio Supreme Court recently held that a single sexually oriented conviction alone may support a sexual predator adjudication. State v. Eppinger (2001), 91 Ohio St.3d 158, 167. While it is impermissible to rely solely on the underlying conviction, a court may consider the facts of the underlying crime as a basis for a sexual predator determination. Id. The circumstances of the crime for which the defendant was convicted can, without more, support the designation of sexual predator by clear and convincing evidence. Eppinger, supra; see also State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662, 16664, unreported. The Tenth Appellate District has stated, "[w]e would point out that nowhere in R.C. 2950 is there any prohibition against being adjudicated a sexual predator based solely on facts arising from the underlying offense." State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, unreported, appeal dismissed (2000), 89 Ohio St.3d 1454.
At the hearing when determining the likelihood of recidivism, the trial court gave the greatest weight to the statutory factors of the nature of the underlying offense and Mr. Queary's display of cruelty in the commission of the crime. Mr. Queary displayed intense cruelty and a lack of human emotion in the commission of the underlying crime. Mr. Queary entered the room with Mr. Doyle and watched as Mr. Doyle grabbed his wife by the hair and pulled her onto the bed. Once his wife was on the bed, Mr. Queary sat near the bed and watched as Mr. Doyle raped his wife, during which Mr. Doyle continued to pull her hair and hold the back of her neck very hard. Only after Mr. Doyle had finished raping the victim did Mr. Queary leave the room briefly.
When he returned he asked Mr. Doyle if he was "getting chicken" and slammed the bedroom door closed. Mr. Queary then grabbed the victim, placed his hand over her mouth, and began striking her in the face with his fists. A neighbor heard the noise and knocked on the apartment door. Mr. Queary calmly answered the door and assured the neighbor that nothing was wrong. Once the neighbor left, Mr. Queary returned to the bedroom and pulled a butcher knife from under the bed and placed it at the victim's throat. The victim began struggling and Mr. Doyle proceeded to hold her down while Mr. Queary began stabbing her with the butcher knife. The victim suffered fourteen stab wounds to the chest, neck, and face and a slash wound across her neck. Further, during the stabbing, Mr. Queary called the victim a "feisty little bitch." Mr. Queary only stopped his assault when the victim stopped struggling and pretended to be dead. Mr. Queary and Mr. Doyle then wrapped the victim's body up in a blanket and sheet and abandoned the victim at a school yard.
The trial court determined that the nature of the offense was horrific. The fact that Mr. Queary had a friend of his physically assault and rape his wife while he watched demonstrated intense cruelty and a lack of emotion. Further, that Mr. Queary would then beat her, stab her and leave her for dead further intensifies Mr. Queary's display of brutality and depravity. The cruelty displayed in his crime placed Mr. Queary at a high risk for recidivism and appropriately was given a great deal of weight by the trial court.
Additionally, Mr. Queary has expressed a great mistrust and bitterness towards women. Mr. Queary has intense hatred towards his mother and stated that his goal was to be married more times than his mother. Also, part of his rationale for committing these crimes against his wife was that she would not grant him a divorce so that he could marry one of the two other women waiting to marry him. His disdain for women is reflected in his statement to his probation officer that, "[a]s long as he had a penis, that no female was going to control his life." (4/28/2000 State's Exhibit 4). Further, Mr. Queary expressed that he believed the devil created females in order to cause men problems. (Id.) These statements in connection with the intense cruelty and brutality of the underlying crimes against women, increases Mr. Queary's propensity for recidivism. As suggested in Eppinger, this alone could support the trial court's designation of Mr. Queary as a sexual predator.
However, other statutory factors also support the trial court's designation. One statutory factor considered is that a defendant is at higher risk for recidivism if they commit sexually oriented offenses against multiple victims. In the instant case, Mr. Queary's conviction for complicity to rape had his wife as the victim. However, Mr. Queary was also convicted of gross sexual imposition which was against a second victim. Therefore, Mr. Queary committed more than one sexual offense and has committed sexual offenses against multiple victims. This factor also qualifies Mr. Queary as one at high risk for recidivism.
Additionally, the trial court found that the statutory factor of prior criminal history placed Mr. Queary at a higher risk for recidivism. Even though a defendant's prior criminal record does not include sexually oriented offenses, the trial court may find that it tends to support that the defendant is likely to re-offend. Goney, supra. Prior to his current conviction, Mr. Queary as an adult was convicted of unauthorized use of a motor vehicle and grand theft and was on probation for that offense when he committed the crimes underlying this matter. As a juvenile, Mr. Queary was convicted of assault, resisting arrest, and breaking and entering. This represents an extensive and violent criminal record for an individual who at the time of incarceration for the underlying offenses was only twenty two years old. Further, during incarceration, Mr. Queary was cited for a rule violation for threats with or without a weapon or use of force. The trial court was proper to determine that Mr. Queary's past violent criminal behavior places him at higher risk of recidivism.
Although Mr. Queary had completed two sex offender treatment programs, treatment is not conclusive as to whether one may re-offend. Rather this is simply one factor to be weighed against other evidence which may indicate a propensity to recidivate. State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported. In the nearly three years from 1997 until the hearing, Mr. Queary did not participate in any form of treatment. Moreover, the trial court appropriately considered the evidence of the sexual offender treatment but found that it was outweighed by high risk of recidivism factors. (Tr. 20-22).
A lack of treatment for one's substance abuse is a factor toward potential recidivism. State v. Champion (Aug. 4, 2000), Montgomery App. No. 18044, unreported. Substance abuse may exacerbate anti-social behavior and thus, the trial court may consider substance abuse in determining sexual predator status. Id. Mr. Queary admits that he has had a substance abuse problem for several years, beginning when he was a juvenile. Also, Mr. Queary abused alcohol and marijuana previously while on probation. In fact, Mr. Queary committed the underlying horrific crime while he was intoxicated. Further the record does not demonstrate that Mr. Queary has taken any substance abuse treatment courses while he has been incarcerated. Mr. Queary's lack of treatment for his substance abuse suggests a lack of commitment to avoid future substance abuse and the resulting offenses.
The nature and cruelty of the underlying crimes is sufficient clear and convincing evidence that the trial court's designation of Mr. Queary as a sexual predator is appropriate. Moreover, Mr. Queary's prior criminal record and failure to seek treatment for his substance abuse problems provide support for Mr. Queary's sexual predator status. Therefore, we do not find that the trial court's decision is unreasonable, arbitrary, or unconscionable. Thus, the trial court did not abuse its discretion and the assignment of error is without merit. The judgment of the trial court is affirmed.
FAIN, J. and GRADY, J., concur.